# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERONICA KRAFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-739-STE |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's: (1) Motion and Brief in Support for an Award of Attorney's Fees Under the Equal Access to Justice Act (EAJA) (ECF No. 27) and (2) Plaintiff's Supplemental Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act (ECF No. 33). Specifically, Plaintiff seeks an award of fees in the amount of $5,591.00. (ECF No. 33). Defendant objects to any award of fees, arguing that her position was "substantially justified." The Court rejects Defendant's argument and **GRANTS** an award of fees to Plaintiff in the amount requested.

## I. ATTORNEY FEES AUTHORIZED UNDER EAJA

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's

position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988).

"The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988); *see* 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II. PLAINTIFF IS THE PREVAILING PARTY

Previously, the undersigned reversed the Commissioner's decision denying Plaintiff's application for disability benefits because the ALJ engaged in improper selective review of the opinion from consultative examiner Raymond Fuchs. (ECF No. 25:11-15). As the undersigned noted, the ALJ had ignored critical portions of Dr. Fuchs' opinion which concerned functional limitations regarding Plaintiff's ability to adapt in the workplace. (ECF No. 25:12-15). With the remand, Ms. Kraft is considered the "prevailing party" for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

## III. PLAINTIFF IS ENTITLED TO AN AWARD OF BENEFITS

Dr. Fuchs rendered an opinion regarding Plaintiff's "sustained concentration and persistence." According to the doctor, Ms. Kraft had a "serious" impairment in this area

"as a result of her physical pain, strength and stamina limitations, and depressive elements as a result of her discomfort and impairments." (ECF No. 9:937). As noted by the Court, this opinion was inconsistent with the ALJ's finding that Ms. Kraft suffered from "mild" difficulties in the area of concentration, persistence, and pace and the ALJ did not explain the inconsistency or otherwise acknowledge Dr. Fuchs' opinion. (ECF No. 25:12). Additionally, Dr. Fuchs rendered an opinion regarding Ms. Kraft's ability to adapt in the workplace, considering her limitations. In part, Dr. Fuchs stated:

> Presently, primarily by virtue of her strong muscular skeletal stamina and strength limitations[,] [Plaintiff is] unable to adapt to frequent changes of complexity which demand physical exertion. She has limitations of time she is able to stand on her feet and move about.

(ECF No. 9:937). As noted by the Court, the ALJ did not mention this portion of Dr. Fuchs' opinion regarding Ms. Kraft's ability to adapt to certain situations in the workplace which might demand physical exertion or involve limitations on standing and walking. (ECF No. 25:12). Relying on *Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007), the Court concluded that the ALJ's failure to explain why he had ignored critical portions of the opinion which concerned Plaintiff's functional limitations constituted reversible error. (ECF No. 25:14).

Offering two reasons, Ms. Colvin attempts to excuse the omission, but neither argument is persuasive. First, as she did during litigation, the Commissioner argues that the ALJ "clearly considered Dr. Fuchs's opinion as a whole in assessing Plaintiff's residual function capacity, but found that the record did not support limitations on concentrating or standing and walking." (ECF No. 29:3). As the Court previously stated,

3

this argument challenges the sufficiency of the evidence, which does not adequately address Plaintiff's argument involving legal error. (ECF No. 25:13).

Second, Ms. Colvin cites various medical records and argues that "[n]one of Plaintiff's providers noted instances where she lacked concentration or her memory and judgment were impaired." (ECF No. 29:3). In doing so, however, Defendant ignores the fact that the ALJ did not himself, rely on those records to discount Dr. Fuchs' opinions, which is the crux of the legal error found by the Court and is a violation of well-established Tenth Circuit law. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (reversing and remanding because the ALJ should have explained why he had rejected some of the consulting doctor's restrictions in the RFC, "while appearing to adopt the others.").

In the Tenth Circuit, the practice is to take the ALJ at his word "*when the entirety of the ALJ's discussion of the evidence and the reasons for his conclusions* demonstrate that he adequately considered the claimant's impairments." *Barnes v. Colvin*, 2015 WL 5827687, at *5 (N.D. Okla. Oct. 6, 2015) (emphasis added), *citing Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009). But because this Court found that the ALJ did *not* provide an adequate reason for his treatment of Dr. Fuchs' opinion, the Court therefore *was not* required to take the ALJ at his word. Accordingly, the Court finds that the Commissioner's position was not substantially justified, and that an award of EAJA fees is reasonable.

## IV. AMOUNT OF RECOVERABLE FEE

Ms. Colvin did not meet her burden of proof to show that the government's position was substantially justified. Further, the undersigned knows of no special

circumstances which would make an award of attorney fees unjust. Thus, the only remaining issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of $5,591.00, calculated as follows: 4.1 hours of work performed by her attorney in 2015 at a rate of $190.00 per hour, 22.8 hours of work performed by her attorney in between January 28, 2016 and October 6, 2016 at a rate of $190.00 per hour and 2.5 hours of work performed by her attorney between October 20, 2016 and November 4, 2016 at a rate of $192.00 per hour (ECF Nos. 27-1; 33). Mr. Saunders has provided a detailed breakdown of time expended in representing Ms. Kraft, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

Mr. Saunders has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of two letters from the Office of the General Counsel of the Social Security Administration. (ECF No. 27-3; 33-2). The first letter is dated March 24, 2016 and letter shows that for 2015 and through October 19, 2016, the authorized maximum hourly rate for attorney work in Oklahoma was $190.00. (ECF No. 27-3). The second letter is dated October 20, 2016 and shows that starting October 20, 2016, the authorized maximum hourly rate is $192.00. Thus, Ms. Kraft is entitled to an upward adjustment of the hourly attorney fee consistent with the evidence provided.

Based upon the record before the Court and the lack of objection by the Commissioner regarding the reasonableness of the amount requested, the undersigned

finds that the Plaintiff is entitled to her requested attorney fee award of **$5,591.00** (4.1 hours x $190.00 per hour for work performed in 2015=$779.00, 22.8 hours x $190.00 per hour for work performed in 2016, prior to October 20th=$4,332.00 and 2.5 hours x $192.00 per hour for work performed in 2016 after October 20th=$480.00). Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

## ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motions for an Award of Attorney's Fees Under the Equal Access to Justice Act **(ECF Nos. 27 & 33)** in the amount of **$5,591.00.**

ENTERED on November 30, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE